UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KTL TRANSPORTATION,  )
 ) 2:05-cv-2163-GEB-KJM
            Plaintiff,  )
 ) ORDER TO SHOW CAUSE
     v.  ) AND CONTINUING STATUS
 ) (PRETRIAL SCHEDULING)
CONVERIUM INSURANCE COMPANY,  ) CONFERENCE
 )
            Defendant.  )
_____)

The October 27, 2005, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for January 23, 2006, and required the parties to file a joint status report (JSR) no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a JSR could be procured.[1] No status report was

---

[1]   As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

(continued...)

1

filed as ordered.

The parties and counsel are Ordered to Show Cause (OSC) no later than 4:00 p.m. on February 21, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or a party for the failure to file a timely status report, as ordered. The written response shall state whether a party and/or counsel is at fault and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on March 6, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the October 27, 2005, Order, the parties are to file a JSR no later than February 21, 2006.

IT IS SO ORDERED.

Dated:  January 12, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
Order filed October 27, 2005, at 2 n.1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).